UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER TOPOLSKI,<br><br>               Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE DEPARTMENT OF LICENSING,<br><br>               Defendant. | Case No. 3:24-cv-05878-TMC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

      Before the Court is Defendant Washington State Department of Licensing's motion for reconsideration (Dkt. 19) of the Court's order granting in part Defendant's motion to dismiss (Dkt. 17). The Department asks the Court to revisit its refusal to dismiss Mr. Topolski's Title VII claim. Dkt. 19 at 1. First, the Department argues that the Court's statement that the Department did not address the Title VII claim overlooks its reply brief. *Id.* at 1, 4. Second, Defendant argues that Mr. Topolski "failed to articulate a sincerely held religious belief." *Id.* at 1, 4–5. For the reasons explained below, the Court disagrees and DENIES the motion for reconsideration.

      Under this District's Local Civil Rules, "[m]otions for reconsideration are disfavored," and "[t]he court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been

ORDER DENYING MOTION FOR RECONSIDERATION - 1

brought to its attention earlier with reasonable diligence." Local Civil Rule 7(h)(1). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration is not intended to provide litigants with a second bite at the apple." *Stevens v. Pierce Cnty.*, No. C22-5862 BHS, 2023 WL 6807204, at *2 (W.D. Wash. Oct. 16, 2023).

Both of the Department's arguments fail to meet this high bar. First, the Department argues that the Court overlooked an argument in its reply brief in which the Department did address Mr. Topolski's Title VII claim directly. Dkt. 19 at 1, 4. The Department is correct that its reply brief contended that Mr. Topolski had failed to exhaust his administrative remedies, as required to bring a Title VII claim. *Id.*; *see also* Dkt. 15 at 11 ("To the extent that Plaintiff seeks relief under Title VII for religious discrimination, he has failed to exhaust administrative remedies and the Complaint fails to state a claim.").

But failure to exhaust an administrative claim "is an affirmative defense, so the defendant bears the burden of pleading and proving it." *See Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) (quoting *Bowden v. United States*, 106 F.3d 433, 437 (D.C. Cir. 1997)). "[P]laintiffs ordinarily need not 'plead on the subject of an anticipated affirmative defense.' When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (quoting *United States v. McGee*, 993 F.2d 184, 187 (9th Cir. 1993)). Thus, a motion to dismiss based on a failure-to-exhaust defense can only be granted if "the defense is 'clearly indicated' and 'appear[s] on the face of the pleading.'" *Harris v. Amgen, Inc.*, 717 F.3d 1042, 1060 (9th Cir. 2013) (first citing 5B Charles

Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1357 (3d ed. 2004); then citing *Jones v. Bock,* 549 U.S. 199, 215 (2007)).

Thus, the Court will not revisit its denial of the Department's motion to dismiss Mr. Topolski's Title VII claim on the grounds that he failed to exhaust administrative remedies. The Court may not grant such relief unless failure to exhaust is clear on the face of the complaint. *See, e.g., Harris*, 717 F.3d at 1060 (citations omitted). That is not the case here.

Second, the Department argues that Plaintiff failed to state a claim under Title VII because he failed to plausibly allege that he held a "bona fide religious belief." Dkt. 19 at 4 (citations omitted). The Department is correct that "[t]o plead a prima facie case of failure to accommodate religion under Title VII and FEHA, a plaintiff must allege, among other things, that []he holds 'a bona fide religious belief' that conflicts with an employment requirement." *Bolden-Hardge v. Off. of California State Controller*, 63 F.4th 1215, 1222 (9th Cir. 2023) (citing *Heller v. EBB Auto Co.*, 8 F.3d 1433, 1438 (9th Cir. 1993)).

In evaluating whether a plaintiff has alleged a bona fide religious belief, the Ninth Circuit and Supreme Court have warned courts not to "second-guess[ ] the reasonableness of an individual's assertion that a requirement burdens her religious beliefs." *Bolden-Hardge*, 63 F.4th 1215, 1223 (9th Cir. 2023) (citing *Burwell v. Hobby Lobby Stores, Inc.*, 573 U.S. 682, 725 (2014)). Of course, "[t]his principle does not mean that courts must take plaintiffs' conclusory assertions of violations of their religious beliefs at face value." *Id.* (citing *Oklevueha Native Am. Church of Haw., Inc. v. Lynch*, 828 F.3d 1012, 1016–17 (9th Cir. 2016)). Still, the plaintiff's burden to allege a conflict between their religious beliefs and their employment is "fairly minimal." *Id.* And a plaintiff's "religious belief need not be consistent or rational to be protected under Title VII, and an assertion of a sincere religious belief is generally accepted." *Billings v. King Cnty.*, No. 2:24-CV-00574-RSL, 2025 WL 437933, at *3 (W.D. Wash. Feb. 7, 2025)

ORDER DENYING MOTION FOR RECONSIDERATION - 3

(citation omitted). "As long as the plaintiff avoids bare labels and conclusory assertions when alleging that his beliefs are religious in nature, the reasonableness of the claimed religious beliefs will not be second-guessed and the sincerity with which the beliefs are held will generally be accepted at the pleading stage." *Id.* (citations omitted).

Mr. Topolski has met this low threshold. Mr. Topolski requested, and received, an accommodation based on his sincerely held religious belief. Dkt. 1 ¶¶ 5.13, 5.16, 5.20. *Kather v. Asante Health Sys.*, No. 1:22-CV-01842-MC, 2023 WL 4865533, at *4 (D. Or. July 28, 2023) (explaining that employee's "religious exception request sufficiently informed Defendant of how his bona fide religious beliefs conflict with the COVID-19 vaccine mandate."); *Billings*, 2025 WL 437933, at *3 ("Plaintiff alleges a system of religious beliefs which forbids vaccinations and is therefore in direct conflict with his employer's requirement that he be vaccinated against COVID-19. Those beliefs were conveyed to the employer with his request for an exemption and accommodation.").

In the accommodation process, Mr. Topolski asserted that his "conscience is beholden to God and what He reveals. . . . Where there is any conflict between the mandates of man and the truths and convictions of God, I must obey God. As such, this requirement for a medical intervention conflicts with my sincerely held religious beliefs that I am responsible for the body God gave me, that I must honor it, and that to maintain good conscience I must personally make decisions that affect it if I can." Dkt. 1-2 at 20. Throughout, he explains that he is a Christian and a "follower of Jesus." *Id.* at 22. And Mr. Topolski provided a letter from his pastor, explaining that Mr. Topolski is a member of the Sunset Bible Church family. *Id.* at 23–24. Mr. Topolski clearly explains that taking the vaccine would conflict with his belief that he is responsible for his body and must honor it as he believes his faith determines. *See id.* at 20–24. At this stage, this is enough for Mr. Topolski to allege a sincerely held religious belief. *Rolovich v. Wash. State*

ORDER DENYING MOTION FOR RECONSIDERATION - 4

*Univ.*, No. 22-CV-0319, 2023 WL 3733894, at *3 (E.D. Wash. May 30, 2023) (finding that the plaintiff's general assertion that his Catholic faith was the basis of his objection to the vaccine was satisfactory at the pleading stage to allege a religious conflict with an employment duty); *Thompson v. Asante Health Sys.*, No. 1:23-CV-00486-CL, 2023 WL 7348812, at *5 (D. Or. Sept. 21, 2023) (allegation that the plaintiff's "body is sacred" and that "Buddhist mantras guide me in choosing what is best for me, reinforcing my belief that the vaccine is not suitable for me at this time" sufficient to state a claim), report and recommendation adopted, No. 1:23-CV-00486-CL, 2023 WL 7326496 (D. Or. Nov. 7, 2023).

    Thus, the Court also finds the Department's argument that Mr. Topolski failed to plead his religious beliefs unavailing. He has sufficiently plead a sincerely held religious belief.

    For these reasons, the Department's motion for reconsideration is DENIED. The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

    Dated this 13th day of March, 2025.

Tiffany M. Cartwright
United States District Judge