UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER TOPOLSKI, | Case No. 3:24-cv-05878-TMC |
| Plaintiff, | ORDER DENYING MOTION FOR LEAVE TO AMEND |
| v. | |
| WASHINGTON STATE DEPARTMENT OF LICENSING, | |
| Defendant. | |

Before the Court is Plaintiff Peter Topolski's motion for leave to amend the complaint. Dkt. 27. For the reasons below, the Court DENIES the motion.

## I.    BACKGROUND

Peter Topolski began working for the Washington Department of Licensing on July 17, 2018. Dkt. 1 ¶ 5.1. Mr. Topolski was a "Licensing Services Representative" in the Kent Licensing Service Office. *Id.* Mr. Topolski "remained employed" by the Department of Licensing while the Service Office was closed in March 2020 per Washington State's "Stay Home, Stay Healthy" COVID-19 pandemic order. *Id.* ¶ 5.4.

On August 9, 2021, then-Washington Governor Jay Inslee issued "Proclamation 21.14." *Id.* ¶ 5.5; Dkt 1-2 at 2. The Proclamation required that any employee of a state agency get

ORDER DENYING MOTION FOR LEAVE TO AMEND - 1

vaccinated for COVID-19 by October 18, 2021. Dkt. 1 ¶ 5.5; Dkt 1-2 at 2. Following the Proclamation, the Department of Licensing's Interim Deputy Director and Human Resources Director Laurie Milligan sent an email that the Department would require all employees to receive and provide proof of vaccination. Dkt. 1 ¶ 5.6; Dkt 1-2 at 2.

Mr. Topolski requested a religious exemption. Dkt. 1 ¶ 5.13; Dkt. 1-2 at 20–24. His request was approved soon after. *Id.* ¶ 5.15; Dkt 1-2 at 29, 31. But despite approving his religious exemption, Human Resources informed Mr. Topolski that they could not reasonably accommodate his exemption. Dkt. 1 ¶¶ 5.16, 5.20; Dkt 1-2 at 31. The decision was made and communicated to Mr. Topolski on September 30, 2021. Dkt. 1 ¶ 5.18, 5.20. On October 1, 2021, the Department sent Mr. Topolski and his supervisor a separation of employment notification. Dkt. 1 ¶ 5.22; Dkt. 1-2 at 75.

On October 16, 2024, Mr. Topolski sued the Department of Licensing. See generally Dkt. 1. He brought claims against the Department for violating his right to privacy under the Fourth Amendment to the United States Constitution and article I, section 7 of the Washington Constitution, *id.* ¶ 7.1; violating his due process rights under the Fourteenth Amendment of the United States Constitution, *id.* ¶¶ 7.2, 7.4; violating the federal PREP Act Emergency Use Authorization Statutes and Washington Informed Consent Statutes, *id.* ¶ 7.3; violating his right to freely exercise his religion under the First Amendment to the United States Constitution, *id.* ¶ 7.5; violating Title VII of the Civil Rights Act of 1964, *id.* ¶¶ 7.5, 7.10; and violating the Occupational Safety and Health Act (OSHA), *id.* ¶ 7.6. Mr. Topolski seeks lost wages, emotional harm damages, and punitive damages. *Id.* ¶¶ 9.1–9.5.

On December 23, 2024, the Department moved to dismiss all of Mr. Topolski's claims. Dkt. 13. The Court found that the statute of limitations barred most of Mr. Topolski's claims, but

ORDER DENYING MOTION FOR LEAVE TO AMEND - 2

that his claim under Title VII was not addressed by the motion to dismiss and could continue. Dkt. 17 at 10–12.

On May 16, 2025, Mr. Topolski moved for leave to amend his complaint. Dkt. 27. He seeks to add a claim under the Washington Law Against Discrimination (WLAD). *Id.* at 2. The motion is ripe for the Court's consideration.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Court shall apply this policy "with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). The Court has discretion to grant or deny a request to amend but must provide justification when it denies a request. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "A motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party.'" *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011); *see also Foman*, 371 U.S. at 182. "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *see also Chudacoff*, 649 F.3d at 1152.

## III. DISCUSSION

As explained above, Mr. Topolski has moved to add a claim under the WLAD to his complaint. Dkt. 27 at 2. The statute of limitations on a failure to accommodate claim under the WLAD is three years. *Hassan v. Boeing Co.*, No. 2:22-CV-01345-RSM, 2025 WL 1043681, at *3 (W.D. Wash. Apr. 8, 2025) (citing *Wade v. Premera Blue Cross*, No. CV-10-217-RMP, 2012 WL 12790, at *10 (E.D. Wash. Jan. 4, 2012)); RCW 4.16.080(2). For statute of limitation

purposes, a failure to accommodate claim "accrues when the employer makes the decision not to accommodate the employee's disability and that decision is communicated to the employee." *Wade*, 2012 WL 12790, at *10 (internal alterations omitted) (quoting *Hinman v. Yakima Sch. Dist. No. 7*, 69 Wn. App. 445, 449–50, 850 P.2d 536 (1993)). The same accrual analysis applies to the failure to accommodate a religious practice.

As noted above, the decision not to accommodate Mr. Topolski's religious exemption was made and communicated to him on September 30, 2021. Dkt. 1 ¶¶ 5.16, 5. 18, 5.20; Dkt 1-2 at 31. Accordingly, the statute of limitations expired on September 30, 2024, and it had run by the time the case was filed on October 16, 2024. RCW 4.16.080(2); Dkt. 1.

Because the statute of limitations has run on Mr. Topolski's potential WLAD claim, amendment would be futile. "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)); *see also United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ("Amendment is futile if it is evident that the complaint could not be saved by amendment."). Adding a claim that would immediately be invalid because the statute of limitations has run would be futile. *Jensen v. Washington*, No. 2:16-CV-1963-MJP-BAT, 2018 WL 4334825, at *11 (W.D. Wash. Apr. 24, 2018), *report and recommendation adopted*, No. C16-1963-MJP, 2018 WL 3019000 (W.D. Wash. June 18, 2018), *aff'd sub nom. Jensen v. Washington by & through Off. of Governor*, 785 F. App'x 505 (9th Cir. 2019) (refusing to amend complaint under WLAD and other civil rights statutes where statute of limitations had run); *Reid v. Countrywide Home Loans, Inc.*, No. C13-436 TSZ, 2013 WL 2099608, at *3 (W.D. Wash. May 14, 2013) (similar analysis for Washington Consumer Protection Act claim); *Granton v. Washington State Lottery*, No. 3:16-CV-05420-RJB, 2016 WL 9019877, at *2 (W.D.

Wash. Aug. 3, 2016), aff'd, 682 F. App'x 598 (9th Cir. 2017) (similar analysis for Washington state contract claim).

## IV.    CONCLUSION

For these reasons, the Court DENIES the motion for leave to amend (Dkt. 27). The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 7th day of July, 2025.

Tiffany M. Cartwright
United States District Judge