UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PETER TOPOLSKI,<br><br>        Plaintiff,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF LICENSING,<br><br>        Defendant. | Case No. 3:24-cv-05878-TMC<br><br>ORDER GRANTING MOTION FOR SUMMARY JUDGMENT |

## I.    INTRODUCTION

Peter Topolski was employed by the Washington Department of Licensing ("the Department") for several years. In 2021, the Department, following a state proclamation during the COVID-19 pandemic, instituted a vaccine requirement for its employees. Mr. Topolski applied for a religious exemption, explaining that he could not get vaccinated because of his faith. The Department granted the exemption but found it could not accommodate Mr. Topolski's request to work remotely. Ultimately, the Department decided to end Mr. Topolski's employment.

Mr. Topolski sued the Department, alleging federal and state claims. Dkt 1. The Department moved to dismiss Mr. Topolski's claims, arguing that the statute of limitations had

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 1

run. Dkt. 13. The Court agreed, but allowed Mr. Topolski's Title VII claim, which the Department had failed to address, to proceed. Dkt. 17. The Department now moves for summary judgment on Mr. Topolski's Title VII claim, arguing that he failed to exhaust his pre-litigation remedies and thus the claim must be dismissed. Dkt. 31.

Title VII requires a plaintiff to exhaust administrative remedies before filing a claim. Mr. Topolski has not done so here. Accordingly, the Court GRANTS the summary judgment motion. The case is DISMISSED with prejudice.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Peter Topolski began working for the Department on July 17, 2018. Dkt. 1 ¶ 5.1. Mr. Topolski was a "Licensing Services Representative" in the Kent Licensing Service Office. *Id.* Mr. Topolski "remained employed" by the Department while the Service Office was closed in March 2020 per Washington's "Stay Home, Stay Healthy" COVID-19 pandemic order. *Id.* ¶ 5.4.

On August 9, 2021, then-Washington Governor Jay Inslee issued "Proclamation 21.14." *Id.* ¶ 5.5; Dkt 1-2 at 2. The Proclamation required that any employee of a state agency get vaccinated for COVID-19 by October 18, 2021. Dkt. 1 ¶ 5.5; Dkt 1-2 at 2. Following the Proclamation, the Department's Interim Deputy Director and Human Resources Director Laurie Milligan sent an email that the Department would require all employees to obtain and provide proof of vaccination. Dkt. 1 ¶ 5.6; Dkt 1-2 at 2. The deadline for vaccination was October 18, 2021. Dkt 1-2 at 2. On August 27, Milligan sent an email stating that religious exemptions would be granted as necessary. Dkt. 1 ¶ 5.11; Dkt 1-2 at 14. The email also noted that employees who were not vaccinated or did not have an approved exemption would no longer be employed on October 18, 2021. *Id.*; Dkt 1-2 at 14. Requests for exemptions were to be submitted by October 4, 2021. Dkt 1-2 at 15.

Mr. Topolski requested more information about the accommodation process. Dkt. 1 ¶ 5.12; Dkt 1-2 at 17. He did not receive a reply for a week. *Id.* The reply explained that Human Resources' workload had grown enormously because of the vaccination accommodation process, and the Department could not offer Mr. Topolski advice on his accommodation request at that time. Dkt 1-2 at 17.

Still, on September 14, 2021, Mr. Topolski requested a religious exemption. Dkt. 1 ¶ 5.13; Dkt. 1-2 at 20–24. His request was approved soon after. *Id.* ¶ 5.15; Dkt 1-2 at 29, 31. But despite approving his religious exemption, Human Resources informed Mr. Topolski that they still needed to determine whether the Department could reasonably accommodate his exemption. Dkt. 1 ¶ 5.16; Dkt 1-2 at 31.

The Department held a Vaccine Mandate Accommodation Decision Meeting with Mr. Topolski on September 30, 2021. Dkt. 1 ¶ 5.18. Mr. Topolski met virtually with Assistant Director of Customer Relations Kim Zabel and Administrator Whitney Montemarano. *Id.* ¶ 5.20. Mr. Topolski described the meeting as "merely a courtesy conversation that an accommodation decision had already been made–namely that the Defendant would grant no accommodation." *Id.* Zabel and Montemarano told Mr. Topolski that they could not accommodate him, but that "if he changed his mind the separation notice would be rescinded if the proof of vaccination were received by October 4, 2021." *Id.* Mr. Topolski explained that he offered "other possible accommodations" that Zabel and Montemarano rejected. *Id.*

After the meeting, Mr. Topolski requested his union file a grievance on his behalf. *Id.* ¶ 5.21. The union sent the grievance to the Department on September 30. Dkt. 1-2 at 69, 72.

On October 1, 2021, the Department sent Mr. Topolski and his supervisor a separation of employment notification. Dkt. 1 ¶ 5.22; Dkt. 1-2 at 75. The Department attached a letter stating that it had found that Mr. Topolski had a sincerely held religious brief exempting him from the

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 3

vaccination requirement. Dkt. 1 ¶ 5.22; Dkt. 1-2 at 77–78. But the letter also explained that the Department could not provide an accommodation because his position required that he be physically present in a Department of Licensing Facility. Dkt. 1 ¶ 5.22; Dkt. 1-2 at 79–80.

On November 10, 2021, Mr. Topolski met virtually with Milligan and Labor and Operations Manager Wendy Bersano to review his grievance. Dkt. 1 ¶ 5.23. Milligan and Bersano explained that telework would be the only possible accommodation, but "all telework had been filled" and "no reassignments were available[.]" *Id.* Mr. Topolski noted that the Department had not considered increasing the number of telework positions available so that they might be able to accommodate him. *Id.*

Ultimately, Mr. Topolski was let go from the Department. He explains that he has "experienced adverse mental and emotional health effects" as he "recognized he could not in good conscience take part in the vaccine program and experienced severe anxiety at the thought and reality of loss of livelihood." *Id.* ¶ 5.24. He also "suffered significant financial injury as a result of his employment termination." *Id.* ¶ 5.25.

On October 16, 2024, Mr. Topolski sued the Department of Licensing. *See generally id.* He brought claims against the Department for violating his right to privacy under the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Washington Constitution, *id.* ¶ 7.1; violating his due process rights under the Fourteenth Amendment of the United States Constitution, *id.* ¶¶ 7.2, 7.4; violating the federal PREP Act Emergency Use Authorization Statutes and Washington Informed Consent Statutes, *id.* ¶ 7.3; violating his right to freely exercise his religion under the First Amendment to the United States Constitution, *id.* ¶ 7.5; violating Title VII of the Civil Rights Act of 1964, *id.* ¶¶ 7.5, 7.10; and violating the Occupational Safety and Health Act (OSHA), *id.* ¶ 7.6. Mr. Topolski seeks lost wages, emotional harm damages, and punitive damages. *Id.* ¶¶ 9.1–9.5.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 4

On December 23, 2024, the Department moved to dismiss all of Mr. Topolski's claims. Dkt. 13. The Department argued that Mr. Topolski's federal constitutional claims were barred by the statute of limitations and any remaining claims fail as a matter of law. *Id.* at 5, 6–15. The Court agreed and dismissed all but Mr. Topolski's Title VII claim. Dkt. 17 at 2, 9, 10–12.

The Department then moved for summary judgment on the remaining Title VII claim, arguing that Mr. Topolski had failed to satisfy the exhaustion requirement of the statute. Dkt. 31. Mr. Topolski did not file a response. The briefing is complete, and the motion is ripe for the Court's consideration.

### III.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the moving party has the burden of proof at trial (such as a defendant seeking summary judgment based on an affirmative defense) he must demonstrate that no reasonable trier of fact could find against him." *Intelligent Peripheral Devices, Inc. v. SmartPad, Inc.*, No. C95-4479-FMS, 1998 WL 754606, at *2 (N.D. Cal. Oct. 26, 1998) (citing *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986)); s*ee also Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1177 (9th Cir. 2006) (recognizing that a defendant bears the burden of proof at summary judgment with respect to an affirmative defense). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Conclusory, nonspecific statements in affidavits are not sufficient, and "missing facts" will not be presumed. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Generally, "'[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn

in his favor.'" *Tolan v. Cotton*, 572 U.S. 650, 651 (2014) (per curiam) (quoting *Anderson*, 477 U.S. at 255). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson*, 477 U.S. at 255. Consequently, in ruling on a motion for summary judgment, "a District Court must resolve any factual issues of controversy in favor of the non-moving party . . . ." *Lujan,* 497 U.S. at 888 (internal quotations omitted).

### IV.    DISCUSSION

To bring a Title VII claim in district court, a plaintiff must first exhaust administrative remedies. *Fort Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 543 (2019) (citing 42 U.S.C. § 2000e-5(e)(1), (f)(1)). To exhaust administrative remedies, the plaintiff must first file an administrative complaint with the federal Equal Employment Opportunity Commission ("EEOC"). *Id.* "Allegations . . . not included in the plaintiff's administrative charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1100 (9th Cir. 2002), *as amended* (Feb. 20, 2002) (citation modified).

Although not a jurisdictional requirement, the timely filing of an administrative complaint is a prerequisite to bringing a civil action for damages under Title VII. *Fort Bend*, 587 U.S. at 551. There are thus "effectively two limitations periods for Title VII claims." *Scott v. Gino Morena Enters., LLC*, 888 F.3d 1101, 1106 (9th Cir. 2018). First, a claimant must exhaust administrative remedies by filing a charge with the EEOC or an equivalent state agency and receiving a right-to-sue letter. *Id.* (first citing 42 U.S.C. § 2000e-5(e)(1); and then *citing Jasch v. Potter*, 302 F.3d 1092, 1094 (9th Cir. 2002)). "Generally, a Title VII plaintiff must file an administrative charge with the EEOC within 180 days of the last act of discrimination." *MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081–82 (9th Cir. 2006) (citing 42 U.S.C.

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT - 6

§ 2000e-5(e)(1)). "However, the limitations period is extended to 300 days if the plaintiff first institutes proceedings with a 'State or local agency with authority to grant or seek relief from such practice.'" *Id.* at 1082 (quoting § 2000e-5(e)(1)). "An individual's failure to file a charge with the agency within this time frame will usually operate to bar that person from bringing a lawsuit for failure to exhaust their administrative remedies." *Arizona ex rel. Horne v. Geo Grp., Inc.*, 816 F.3d 1189, 1202 (9th Cir. 2016) (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982)). Second, after exhausting administrative remedies and receiving a "right-to-sue" notice, a claimant has 90 days to file a civil action. *Scott*, 888 F.3d at 1106 (citing 42 U.S.C. § 2000e-5(f)(1)).

"Title VII's exhaustion requirement is akin to a statute of limitations[.]" *Dilettoso v. Potter*, 243 Fed. App'x 269, 271 (9th Cir. 2007) (citing *Zipes*, 455 U.S. at 393). Thus, "summary judgment based on a failure to exhaust constitutes a judgment on the merits, absent a showing of unfairness." *Id.* at 271–72 (internal citations omitted).

Here, Mr. Topolski did not ever file an EEOC complaint regarding what he alleges was a violation of his rights under Title VII. "The failure to exhaust administrative remedies is a fatal defect which cannot be cured." *Matejka v. Blue Origin Enters. LP*, No. 2:25-CV-00199-BAT, 2025 WL 1635228, at *8 (W.D. Wash. June 9, 2025). In a declaration submitted with their summary judgment motion, defense counsel attests that they made a request for Mr. Topolski's charge file. Dkt. 32 ¶ 3; *see also id.* at 5. The EEOC responded stating, "we do not have record of a Peter Topolski filing a charge with the EEOC." Dkt. 32 ¶ 3; *see also id.* at 4. Similarly, defense counsel attested that they made a public records request with the Washington State Human Rights Commission (WSHRC), the relevant state agency, for "any communications, correspondence, or complaint from or referencing Peter Topolski[.]" Dkt. 32 ¶ 4. WSHRC

responded that the agency "does not possess any records responsive to [the] request." *Id.*; *see also id.* at 7.

Additionally, defense counsel served a series of requests for admissions on Mr. Topolski. Dkt. 32 at 9. Though Mr. Topolski denied that he did not contact the EEOC verbally, such as a phone call, he admitted that he had not reached out in writing or sent any documents regarding the allegations. *Id.* at 11. Mr. Topolski conceded too that he did not obtain a right to sue letter from the EEOC. *Id.* His answers for WSHRC were the same. *Id.* at 11–12.

Whether a plaintiff in a Title VII action has timely exhausted his administrative remedies "is an affirmative defense, [so] the defendant bears the burden of pleading and proving it." *Kraus v. Presidio Tr. Facilities Div./Residential Mgmt. Branch*, 572 F.3d 1039, 1046 n.7 (9th Cir. 2009) (citation omitted). Because the Department bears the burden of proof to establish failure to exhaust, to prevail on this defense at summary judgment the Department must show that "no reasonable trier of fact could find against" the agency. *Intelligent Peripheral Devices*, 1998 WL 754606, at *2.

Here, the Department has met its burden to demonstrate that Mr. Topolski failed to exhaust his claim with EEOC prior to initiating this case. As explained above, Mr. Topolski has conceded that he did not exhaust his claims with the EEOC. Dkt. 32 at 9–12. And none of the relevant agencies possess any record of Mr. Topolski having attempted to do so. *Id.* at 4, 5, 7. Mr. Topolski has not responded and thus has not refuted these claims. No reasonable trier of fact could find that Mr. Topolski exhausted his administrative remedies before initiating this case. *See Intelligent Peripheral Devices*, 1998 WL 754606, at *2; *see also Jones v. Rabanco, Ltd.*, 439 F. Supp. 2d 1149, 1160 (W.D. Wash. 2006) (dismissing case at summary judgment where the plaintiff failed to make a filing with the EEOC before filing case); *Dumbaugh v. Kasson*, No. C08-5469RBL, 2009 WL 3186107, at *4 (W.D. Wash. Oct. 1, 2009) (similar).

Accordingly, Mr. Topolski's Title VII claim fails, and the Department's motion for summary judgment is GRANTED.

## V. CONCLUSION

For these reasons, the motion for summary judgment, Dkt. 31, is GRANTED. The case is DISMISSED with prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 9th day of July, 2025.

Tiffany M. Cartwright
United States District Judge